IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

| | |
|---|---|
| BANK OZK, an Arkansas banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CHAMBLEY, individually, and the 26-FOOT LIMITLESS POWERED VESSEL (named "Livin' My Best Life"), U.S.C.G. Official No. 1353007, Hull I.D. No. LTB26017F324, and its engines, tackle and accessories,<br><br>Defendants. | CASE NO.: |

**VERIFIED COMPLAINT IN ADMIRALTY**

Plaintiff, Bank OZK, an Arkansas banking corporation, by and through undersigned counsel, files this admiralty proceeding against Defendants, Christopher Chambley, individually, and the 26-Foot Limitless powered vessel (named "Livin' My Best Life"), U.S.C.G. Official No. 1353007, Hull I.D. No. LTB26017F324, and its engines, tackle and accessories, and as grounds therefore, Plaintiff states as follows:

**INTRODUCTION**

This is an action in admiralty with respect to a preferred ship's mortgage given by the defendant Christopher Chambley in which Plaintiff, Bank OZK, is seeking to foreclose on the vessel identified herein and its engines, tackle and other accessories, which serve as collateral for a loan extended to Chambley. Plaintiff also brings claims to foreclose a title lien encumbering the vessel and for damages against Christopher Chambley for breach of the underlying note given by him to Plaintiff in connection with Plaintiff's financing of the purchase of the vessel.

**JURISDICTION, PARTIES AND VENUE**

1. This is an action in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (2025) to foreclose a preferred ship's mortgage and related relief, therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c). In addition, this is an action to foreclose on a title lien, therefore, this Court has subject matter jurisdiction pursuant to Chapters 85 and Chapter 559, Florida Statutes.

2. Plaintiff, Bank OZK, is an Arkansas banking corporation with its principal place of business located in Little Rock, Arkansas, and is therefore a citizen of the State of Arkansas for jurisdictional purposes.

3. The in rem defendant the 26-Foot Limitless powered vessel (named "Livin' My Best Life"), U.S.C.G. Official No. 1353007, Hull I.D. No. LTB26017F324 (the "Vessel"), is, based on information and belief, located in St. Lucie County, Florida.

4. The defendant Christopher Chambley ("Chambley") is a citizen of the State of Florida and, based on information and belief, is a resident of St. Lucie County, Florida.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1395 because the vessel named herein is located in and Chambley resides in St. Lucie County, Florida, in the Southern District of Florida.

**GENERAL ALLEGATIONS**

6. On June 28, 2024, Chambley executed and delivered to *Plaintiff an Aircraft, Marine Produce, and Recreational Vehicle Installment Note and Security Agreement* (the "*Agreement*") a copy of which is attached hereto as **Exhibit "A"**.

7. Plaintiff is the owner and holder of the *Agreement*.

8. Chambley is in default of its obligations arising under the *Agreement*.

9. Chambley owes Plaintiff $140,626.97 as principal, plus interest of $3,082.62, and late fees of $160.57, for a total owed of $143,870.16 as of May 11, 2026, plus attorney fees and costs.

10. All conditions precedent have been satisfied or waived.

11. Plaintiff has retained the undersigned as its counsel in this case and is obligated to pay its attorneys a reasonable fee for its services.

**COUNT I – BREACH OF NOTE**
**(Against Chambley)**

12. Plaintiff restates and incorporates by reference paragraphs 1 through 11 above as though fully set forth herein.

13. Plaintiff is entitled to an award of damages as a result of Chambley's breach of the *Agreement*.

WHEREFORE, Plaintiff, Bank OZK, by and through undersigned counsel, requests that this Court enter judgment in favor of Plaintiff and against the defendant Christopher Chambley, awarding Plaintiff damages, including its attorney fees and costs, and grant Plaintiff any further relief this Court deems just and proper.

**COUNT II – UNJUST ENRICHMENT**
**(Against Chambley only)**

14. Plaintiff restates and incorporates by reference paragraphs 1 through 11 above as though fully set forth herein.

15. Plaintiff conferred a benefit on Chambley, the value of which that remains uncompensated, for is in the amount of $143,870.16 as of May 11, 2026.

16. Chambley knowingly received and retained the benefit conferred by Plaintiff.

17. It would be unjust for Chambley to retain the full amount of the benefit conferred without compensating Plaintiff for the remaining value thereof.

WHEREFORE, Plaintiff, Bank OZK, by and through undersigned counsel, requests that this Court enter judgment in favor of Plaintiff and against the defendant Christopher Chambley, awarding Plaintiff damages, and grant the Plaintiff any further relief this Court deems just and proper.

**COUNT III – FORECLOSURE OF MORTGAGE**
**(Against all Defendants)**

18. Plaintiff restates and incorporates by reference paragraphs 1 through 11 above as though fully set forth herein.

19. To perfect the security interest in the Vessel granted to Plaintiff by Chambley under the *Agreement*, Chambley executed the *First Preferred Ship's Mortgage* dated June 28, 2024, in accordance with 46 U.S. Code § 31322 (the "*Mortgage*"). The *Mortgage* was recorded and filed of record with the United States Coast Guard on August 6, 2024, as evidenced by the copy attached as **Exhibit "B"**.

20. As set forth in the *Mortgage*, Chambley, as owner, pledged the Vessel, together with all equipment, furniture, accessories, electronic equipment, personal property, belongings, fittings, rigging, engines, including outboard motors, tools, tackle and other appurtenances and accessories and additions, improvements, and replacements now or in the future belonging to the Vessel (collectively with the Vessel, the "Collateral"). *Agreement*, at 1.

21. As a result of Chambley's breach of the *Agreement*, Plaintiff, pursuant to the *Mortgage*, is entitled to a judgment of foreclosure, foreclosing Chambley's interest in the Collateral.

22. As a result of Chambley's default, Plaintiff is entitled to the foreclosure of the *Mortgage* and the sale of the Collateral to satisfy the outstanding debt owed to Plaintiff.

23. Plaintiff further requests that the Court order the sale of the Collateral to the highest bidder, and the proceeds of such sale be applied to the amount owed to Plaintiff, including any applicable costs and fees.

WHEREFORE, Plaintiff requests that this Court (i) enter judgment in favor of Plaintiff and against Defendants for the outstanding principal, interest, late fees, and other charges due under the *Mortgage*; (ii) order the foreclosure of the *Mortgage* and the sale of the Collateral to satisfy the judgment; (iii) direct the application of the proceeds from the sale to the payment of the debt owed to Plaintiff, including costs and attorney fees; and (iv) grant Plaintiff such other and further relief as the Court deems just and proper.

**COUNT IV – FORECLOSURE OF TITLE LIEN**
**(Against Chambley)**

24. Plaintiff restates and incorporates by reference paragraphs 1 through 11 as though fully set forth herein.

25. Chambley is the owner of the Vessel described above.

26. As further security for the loan, Plaintiff recorded a title lien with respect to the Vessel, evidence of which is attached as **Exhibit "C"**.

27. Plaintiff is entitled to foreclose on the title lien as a result of Chambley's default.

WHEREFORE, Plaintiff requests that this Court (i) enter a judgment foreclosing Plaintiff's lien, (ii) order that the Vessel be sold pursuant to Florida law, (iii) apply the proceeds of sale to the total amount due Plaintiff, (iv) grant a deficiency judgment against Chambley if the proceeds are insufficient to satisfy the amount due to Plaintiff, and (v) grant Plaintiff any other relief this Court deems just and proper.

**VERIFICATION**

I affirm under the penalty of perjury that the facts stated above are true and correct according to my own personal knowledge and belief.

Bank OZK
Amanda Rooks
Amanda Rooks
Title: AVP

Dated this 11th day of August 2026.

**LORIUM LAW**
*Attorneys for Plaintiff*
100 N.E. Third Avenue, Suite 700
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: */s/ Richard B. Storfer*
Richard B. Storfer
Florida Bar No. 984523
rstorfer@loriumlaw.com

5510.066